IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: : | |
| : | Chapter 7 |
| Eric Stone, : | |
| : | Case No. 21-11493-AMC |
| Debtor. : | |
| WE CARE LEGAL SERVICES, PLLC, : | |
| : | |
| Plaintiff : | |
| : | |
| v. : | Adversary No. 21-00073-AMC |
| : | |
| ERIC STONE, : | |
| : | |
| Defendant. : | |

**DEFENDANT ERIC STONE'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) AND BANKRUPTCY RULE 7012 FOR FAILURE TO STATE A CLAIM**

Defendant Eric Stone (the "Defendant"), by his undersigned counsel, hereby submits this Motion to Dismiss pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6), as incorporated by Bankruptcy Rule 7012, the complaint filed on August 30, 2021 (the "Complaint") by Plaintiff, We Care Legal Services, PLLC (the "Plaintiff"), in the above-captioned adversary proceeding, and in support thereof respectfully states as follows:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157(a) and 1334(b). Venue is proper under 28 U.S.C. § 1409. Defendant denies the Plaintiff's allegation that this is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(1) and (b)(2). Nonetheless, pursuant to FRCP 12(b)(6), as incorporated by Bankruptcy Rule 7012, the Defendant consents to entry of a final order or judgment by this Court if it is determined that the

1

Court, absent consent of the parties, cannot enter final orders or judgment consistent with Article III of the United States Constitution.

## BACKGROUND

2. The Defendant filed a voluntary petition for relief under chapter 7 of title 11 of the United States Code (as amended, the "Bankruptcy Code") on May 25, 2021 (the "Petition Date") thereby commencing the above-captioned bankruptcy case (the "Chapter 7 Case").

3. The Plaintiff's Complaint arises from an Order of the Court of Common Pleas of Bucks County ordering the Defendant to pay the Plaintiff's attorneys' fees amidst a contested custody hearing between the Defendant and his former spouse.

4. The Defendant is the former husband of Ms. Christina Stone and together they have three (3) children. For some period of time prior to the filing of the Chapter 7 Case, the Defendant and his former spouse were involved in a custody dispute in the Court of Common Pleas of Bucks County, Pennsylvania (the "Custody Matter").

5. Within the Custody Matter, the Defendant's spouse filed a contempt petition against the Defendant, ultimately resulting in aforementioned Order of the Court of Common Pleas of Bucks County that the Defendant pay the Plaintiff's attorneys' fees.

6. The Plaintiff incorrectly asserts in the Complaint that the attorneys' fees are non-dischargeable pursuant to 11 U.S.C. § 523(a)(19)(B)(iii). The Plaintiff fails to recognize that § 523(a)(19)(B)(iii) is qualified by § 523(a)(19)(A), which explicitly states that debts are non-dischargeable when they arise under the violation of certain securities laws.

## THE COMPLAINT

7. Paragraph 13 of the Complaint is an incomplete statement of law. 11 U.S.C. § 523(a)(19) is not a "catch-all" provision which mandates that all court-ordered fees are non-

dischargeable. Rather, § 523(a)(19) was designed by Congress to close a perceived "loophole" in the Bankruptcy Code that "may permit" securities laws violators "to discharge their obligations under court judgments or settlements." *See* 4 *Collier on Bankruptcy* ¶ 523.27 (16th ed. 2021) Discharge Exception for Violation of Federal or State Securities Law; § 523(a)(19). *See also Mollasgo v. Tills (In re Tills)*, 419 B.R. 444 (Bankr. S.D. Cal. 2009) (legislative history indicates that Congress intended section 523(a)(19) to "give settlements a collateral estoppel effect similar to judgments").

> Section 523(a)(19) makes a debt non-dischargeable if **two** conditions are met:
>
> 1. The debt is for violation of certain federal securities laws, state securities laws or regulations under the federal or state securities laws or is for "common law fraud, deceit, or manipulation in connection with the purchase or sale of any security;" **and**
>
> 2. The debt results from a judgment, order, consent order or decree in a federal or state judicial or administrative proceeding or any settlement agreement entered by the debtor or any court or administrative order for the payment of damages, a fine, penalty, citation, restitution payment, disgorgement payment, attorney fee cost or other payment owed by the debtor.

4 *Collier on Bankruptcy* ¶ 523.27 (16th ed. 2021) Discharge Exception for Violation of Federal or State Securities Laws; § 523(a)(19) *citing Tripodi v. Welch*, 810 F.3d 761 (10th Cir. 2016); *Tills* 419 B.R. 444; *Frost v. Civiello (In re Civiello)*, 348 B.R. 459 (Bankr. N.D. Ohio 2006). (Emphasis added).

8.    As cited above, the purpose of 11 U.S.C. § 523(a)(19) is to except from discharge debts of violators of certain federal securities laws, state securities laws or regulations under the federal or state securities laws or is for common law fraud, deceit, or manipulation in connection with the purchase or sale of any security, and whose debt results from a judgment, order, consent order or degree in connection with violation of certain federal securities laws, state securities

laws or regulations under the federal or state securities laws or is for common law fraud, deceit, or manipulation in connection with the purchase or sale of any security.

9. As the Plaintiff explains in the Complaint, the debt which arises and gives cause to the Complaint is the result of an Order of the Court of Common Pleas of Bucks County to pay attorneys' fees in the Custody Matter.

## ARGUMENT

10. The Complaint should be dismissed pursuant to FRCP 12(b)(6), as incorporated by Bankruptcy Rule 7012, because the Plaintiff has failed to state a claim upon which relief can be granted. FRCP 12(b) provides that a party may assert specified defenses by motion, including failure to state a claim upon which relief can be granted, and that a motion asserting any of these defenses may be made before pleading.

11. For FRCP 12(b)(6) purposes, a court must accept the plaintiff's factual allegations as true, drawing all reasonable inferences in the plaintiff's favor. Bernheim v. Litt, 79 F.3d 318, 321 (2d Cir. N.Y. 1996).

12. When presenting a 12(b)(6) motion, the defendant bears the burden to show that the plaintiff has not stated a claim. Davis v. Wells Fargo, 824 F.3d 333, 348 (3d Cir. 2016).

13. The Court's review on a motion to dismiss pursuant to FRCP 12(b)(6) is generally limited to "the facts as asserted within the four corners of the complaint, the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 191 (2d Cir. 2007). In addition, the Court may also consider "matters of which judicial notice may be taken" and "documents either in plaintiff's possession or of which plaintiffs had knowledge and relied on in bringing suit." Brass v. Am. Film Techs., Inc., 987 F.2d 142, 150 (2d. Cir. 1993). See also, Federal Rule of Evidence

201(b), (d) ("A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned…[A] court shall take judicial notice if requested by a party and supplied with the necessary information."); Norris v. Hearst Trust, 500 F.3d 454, 461 n.9 (5th Cir. 2007).

14. The Plaintiff's Complaint is deficient on its face. The Plaintiff asserts that it is entitled to recovery under a statute that is wholly inapplicable. Accordingly, the Complaint should be dismissed with prejudice.

## CONCLUSION

**WHEREFORE**, the Defendant respectfully requests that the Court dismiss the Adversary Proceeding with prejudice and that the Defendant be granted such other and further relief as the Court deems just and proper, including an award of attorneys' fees, costs and expenses.

Dated: September 29, 2021                    **JENSEN BAGNATO, P.C.**

By: /s/ Jeffrey M. Carbino
Jeffery M. Carbino (PA 71614)
1500 Walnut Street, Suite 1510
Philadelphia, PA 19102
Telephone: (215) 546-4700
Facsimile: (215) 546-7440
Email: jeffrey@jensenbagnatolaw.com

*Counsel to the Defendant Eric Stone*